UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1309

ZHI-MING LIN,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 20, 2009            Decided: March 31, 2009

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Henry Zhang, ZHANG & ASSOCIATES, P.C., New York, New York, for Petitioner. Gregory G. Katsas, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Jonathan Robbins, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zhi-Ming Lin, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Before this court, Lin challenges the determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Lin fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.[*]

Additionally, we uphold the denial of Lin's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though

_____

[*] In upholding the denial of asylum relief, we specifically reject Lin's claim that the immigration judge unreasonably relied on a letter from his former counsel and find that consideration of the letter was not fundamentally unfair. See Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008).

2

the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)."  Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).  Because Lin failed to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

We also find that substantial evidence supports the finding that Lin failed to meet the standard for relief under the Convention Against Torture.  To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2) (2008).  We find that Lin failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3